Herbert Ide Keen, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22262.   Promulgated April 3, 1929.

*John Wattawa, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

OPINION.

Smith: The question herein presented is whether the petitioner is entitled to a credit against his income tax for 1923 of the tax paid by him in that year to the Republic of France. The respondent contends that the tax paid to the Republic of France is a property tax and not an income tax within the meaning of section 222(a) of the Revenue Act of 1921.

The case of this same petitioner was before the Board for the year 1921 in *Herbert Ide Keen*, 6 B. T. A. 275. In that case it was stipulated that the tax paid by the petitioner was an income tax and upon the basis of the stipulation the decision of the Board was in the taxpayer's favor. In the instant proceeding no such stipulation has been filed and it is the contention of the respondent that the tax paid by the petitioner to the Republic of France in 1923 is a property tax and not an income tax within the meaning of section 222(a) of the Revenue Act of 1921.

The provisions of the Revenue Act of 1921 which it is necessary to consider in determining the issue are as follows:

Section 214 of the Revenue Act of 1921 provides:

(a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by the authority of the United States, (b) so much of the income, war-profits and excess-profits taxes, imposed by the authority of any foreign country or possession of the United States, as is allowed as a credit under section 222, \* \* \*

Section 222(a) of the Revenue Act of 1921 provides in part:

(a) That the tax computed under Part II of this title shall be credited with:

(1) In the case of a citizen of the United States the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country or to any possession of the United States; and

\* \* \* \* \* \* \*

(5) The above credits shall not be allowed in the case of a citizen entitled to the benefits of section 262; and in no other case shall the amount of credit taken under this subdivision exceed the same proportion of the tax, against which such credit is taken, which the taxpayer's net income (computed without deduction for any income, war-profits and excess-profits taxes imposed by any foreign country or possession of the United States) from sources without the United States bears to his entire net income (computed without such deduction) for the same taxable year.

The respondent, relying upon his interpretation of the law as stated in Office Decision 1090 (C. B. 5, p. 194), and Solicitor's Memorandum 3155 (C. B. IV–1, p. 45), considers that the tax paid to France under the above cited provision of the French law is not an income tax. In Office Decision 1093, *supra*, it is stated:

In accordance with section 222(a) 1 of the Revenue Act of 1918, an American citizen may credit the amount of Federal tax with the amount of any income, war-profits, and excess-profits taxes paid during the taxable year to France, provided such tax paid to France is on income from sources therein. If, however, the tax paid to the Government of France is imposed on an amount fixed at seven times the rent of his residence in France (whether because he actually receives no income or insufficient income from France), such tax would be considered not to have been imposed on income from sources therein, and, therefore, not a proper credit under section 222(a) of the Act. The tax would, however, be a proper deduction under section 214(a) (3).

The tax paid to the Republic of France by the petitioner on August 31, 1923, was levied under the provisions of the Act of the Republic of France dated July 15, 1914. Article 11 of section 2 of that Act provides:

So far as concerns persons not domiciled in France but possessing either one or more residences, the taxable income is fixed at a sum equal to seven times the rental value of this or those residences, unless the income derived by the taxpayer from properties, businesses, or professions situated or exercised in France reaches a higher figure in which case this last figure will serve as a basis for the tax. (Translated.)

This tax is imposed upon alien residents of France without regard to their actual income. For the purpose of the tax a person is presumed to have an income equal to at least seven times the rental value of the apartment occupied.

Under section 222(a) (5) of the Revenue Act of 1921, above quoted, it is apparent that the petitioner has no basis for a credit of the entire tax paid to the Republic of France unless his income from sources without the United States was as large a proportion of his income as the tax paid to the Republic of France was of the total income tax due. Certain of the income of the petitioner was clearly from a source within the United States. The amount that he re-

ceived from the estate of C. B. Keen and the dividends on stock of domestic corporations were apparently from sources within the United States. Were the salary and commissions which the petitioner received from the Allis-Chalmers Mfg. Co. of Milwaukee, Wis., as compensation for services performed ·by him in France likewise a source within the United States?

Article 322 of Regulations 62 (1922 Edition) provides in part that:

Gross income from sources without the United States includes:

\*     \*     \*     \*     \*     \*     \*

(3) Compensation for labor or services performed without the United States.

Under the Commissioner's own regulations, $10,915.58 of the total income received by the petitioner for 1923 was from a source without the United States. This was 71.6 per cent of his total income. The tax paid to the Republic of France of $329.30 was less than 71.6 per cent of the income tax determined to be due from the petitioner by the Commissioner. It is therefore apparent that if the tax paid to the Republic of France may be taken as a credit against the income tax leviable under the Revenue Act of 1921, the petitioner is entitled to the full amount of the credit of $329.30.

The statute imposing the French tax states that " the taxable income is fixed at a sum equal to·seven times the rental value of this or these residences   \*   \*   \*." Whatever may be the nature of the tax, it is imposed upon what the French Government determines to be income. It is in no sense of the word imposed upon the ownership of property. It is a part of a statute which imposes income taxes upon citizens and residents of France. In view of this situation we think that the tax was an income tax within the meaning of section 222(a)·(1) of the Revenue Act of 1921. The fact that under the law the taxable income is determined in a manner different from the taxable income under the Revenue Act of 1921 does not, change the nature of the tax. The fact that the net income of the· petitioner as computed under the Revenue Act of 1921 was much in excess of the income of the petitioner determined for the purposes of the French tax does not change the character of the tax paid. The petitioner clearly paid to the Republic of France a tax upon his. income in 1923. The amount of the tax paid is a credit against the. income tax leviable under the provisions of the Revenue Act of 1921.

*Judgment will be entered under Rule 50.*